MADISONVILLE (VIL.) ET AL. v. ROSSER & CASTOE ET AL.

1. INSTRUCTIONS AS TO ISSUES NECESSARY FOR SPECIAL VERDICT.

A special verdict being requested, the court is bound to instruct the jury as to the issues in the case and the proper form of the verdict and the specific facts to be found.

2. INSTRUCTIONS AS TO MEASURE OF DAMAGES FOR FAILURE TO EXECUTE CONTRACT ACCORDING TO SPECIFICATIONS.

The proper instructions as to the amount due on a contract to build a water tower and tank, the answer alleging failure of the contractor to comply with the specifications, is the diminished value of the tank and tower by reason of the failure to conform to the specifications, but the instruction that the jury should find the amount of money it would take to make such tower and tank conform to the specifications is improper.

[For other cases in point, see 3 Cyc. Dig., "Damages," §§ 983-986.—Ed.]

**GIFFEN, J.**

This action is founded upon a contract for the construction of a water tower for the village of Madisonville. Plaintiffs below, in their amended petition, aver that they performed their part of the contract in accordance with the plans and specifications, and aver that said specifications provided, among other things, that no payment shall be made until the engineer has approved the same, and that he has.

Madisonville v. Rosser.

and does withhold, upon insignificant and frivolous grounds, and therefore wrongfully and unreasonably, his approval of the payment in full upon said contract, but insists upon a large and unreasonable reduction on the contract price thereof.

The defendants, by answer, admit that the engineer has refused to approve payment, but deny each and every other allegation.

At the request of the defendants the jury was instructed to return a special verdict, upon which the court rendered judgment for the entire amount claimed less five dollars for the value of a pressure gauge which the plaintiffs failed to provide according to the contract.

The plaintiffs requested that a special instruction be given to the jury, that in the event the jury find that the plaintiffs had failed to build a tower and tank in accordance with the plans and specifications, they also find on the evidence certain specified facts, which the court refused. At the conclusion of the general charge the defendants excepted to the same for the reason that it did not point out the particular issues and questions of fact to be determined by the jury, and after the jury returned its verdict the defendants requested the court before the jury was discharged, to direct the jury to retire and consider and return its findings on certain specified facts relative to the issue, which the court refused and to which the defendants excepted.

The jury was instructed in general terms to ascertain and find in its verdict, the facts necessary to a determination of the case, but the court nowhere pointed out to the jury the precise issues, nor the facts, which when ascertained, would leave nothing for the court but to draw from them conclusions of law. It is said in *Balt. & O. Ry.* v. *Lockwood*, 72 Ohio St. 586 [74 N. E. Rep. 1071], that—

"In submitting a case to the jury, it is the duty of the court to separate and definitely state to the jury, the issues of fact made in the pleadings, accompanied by such instructions as to each issue as the nature of the case may require."

This is required when a jury return a special verdict no less than when the verdict is general. Indeed, it would seem from Rev. Stat. 5200 (Lan. 8709), which defines a special verdict, that it is even more essential that the jury should be fully instructed as to the facts which they are required to find, and upon which only the court can render judgment.

We see no objection to the special instruction requested after the argument, unless it be the fourth subdivision, which required the jury to find the amount of money it would take to make such tower and tank conform to the specifications.

The bill of exceptions does not contain any evidence, nor does the special verdict disclose whether the tower and tank could have been made to conform to the specifications without rebuilding the entire tank, and a more appropriate finding would have been the one suggested to the court after the verdict was returned and before the jury was discharged, to wit:

"The diminished value of said tower and tank, by reason of the failure to conform to the specifications as set out in finding three."

With this exception, we think the court erred in refusing to give the special instruction, inasmuch as the court failed to instruct the jury upon this subject in its general charge. It appears from the record that the court was under the impression that counsel for plaintiffs having submitted a form of special verdict, and the defendants having likewise submitted a special verdict, thereby the jury were fully instructed as to what facts they were to return in the verdict, but manifestly the forms presented by the respective parties differed, each submitting the one most favorable to his theory of the case, and the jury were allowed to make any finding from either of the forms, and add others such as they might deem essential, without any instruction from the court as to what were necessary and essential to enable the court to draw conclusions of law. To illustrate the effect of the failure of the court to charge as requested, the jury returned as one of its findings that the engineer refused to finally approve the payment for the job, which was already admitted by the pleadings, and failed to find upon what grounds the refusal was based, although put in issue by the answer.

There is no finding whether the plaintiffs through inadvertence or wilfully furnished bent and crooked columns and left the surface of the abutting posts not in contact at all points, and painted the tank inside and out before being inspected and tested. We think, however, it may fairly be inferred that it was not done wilfully, and that there was a substantial performance of the contract, but this does not relieve the plaintiffs from deducting from the contract price such loss or expense incurred by the defendants by reason of such defects and violation of the contract.

We think it may fairly be assumed that the defendants did sustain loss thereby, and they were entitled at least to an affirmative finding of the amount, if any, thus sustained.

Judgment reversed and cause remanded for a new trial.

**Jelke** and **Swing, JJ.,** concur.